UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BYRON JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17-cv-00053-JMS-MJD |
| DANIEL BEDWELL, SHIRLEY DOE, | ) |
| Defendants. | ) |

**Entry Screening Complaint, Discussing Pending Motions,
and Directing Plaintiff to Show Cause**

Defendants Daniel Bedwell and Shirley Doe removed this action to this Court from the Sullivan County Superior Court. Defendants answered the complaint and alleged the affirmative defense of failure to exhaust administrative remedies. Defendants' motion for summary judgment filed in support of that defense is now fully briefed and ripe for resolution. Before that motion is addressed, however, the Court must screen the complaint.

**I. Complaint**

Although the filing fee was paid at the time this action was removed to this Court, this action is still subject to screening under 28 U.S.C. § 1915A. "On review, the Court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

Plaintiff Byron Johnson alleges in his complaint that on July 28, 2016, while he was incarcerated at Wabash Valley Correctional Facility, he was served a lunch tray on which he found a "bloody soaked bandage." He discovered it when he chewed on it. Complaint, dkt. 1-1,

1

p. 10. He reported this problem to Sgt. Wilson, pictures were taken of the bandage, and reports were written. Mr. Johnson asked for food from a different "food source," specifically, a sack lunch, but he was told that Aramark Head Mr. Bedwell told staff to provide a different tray of food, which Mr. Johnson was afraid to accept because he feared staff was trying to do harm to him "due to previous grievances of offenders, against Aramark staff, and their services." *Id.*

Mr. Johnson alleges that Mr. Bedwell was grossly negligent in hiring incompetent staff, Shirley Doe, and instead of fixing the issue he told her to offer another tray of the contaminated food. Mr. Johnson does not allege that Aramark staff was aware that the bandage was on the tray at the time it was served.

In accordance with the protections provided by the Eighth Amendment, prison officials must provide "humane conditions of confinement" including "adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (internal quotation omitted). "To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, we examine the alleged violation both objectively and subjectively. First, the deprivation alleged must be objectively sufficiently serious. Second, the mental state of the prison official must have been one of deliberate indifference to inmate health or safety." *Haywood v. Hathaway,* 842 F.3d 1026, 1-31 (7th Cir. 2016). When evaluating a claim involving inadequate food, "a court must assess the amount and duration of the deprivation." *Reed v. McBride,* 178 F.3d 849, 853 (7th Cir. 1999).

Chewing on a bloody bandage could be an objectively serious hazard, however, the subjective element of deliberate indifference and the extent of the alleged deprivation are dispositive in evaluating Mr. Johnson's claim. In this case, Mr. Johnson alleges a single incident

2

of food contamination and no prior notice on the part of Aramark staff of any bandage in the food. Negligence, even gross negligence, does not violate the Eighth Amendment. *See Estate of Simpson v. Gorbett,* 863 F.3d 740, 746 (7th Cir. 2017); *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015). Mr. Johnson alleges no subsequent incidents of contaminated food, which implies the lack of a systemic problem and that measures were taken to remedy the situation after the one time incident. (In his tendered supplemental complaint, Mr. Johnson alleges only that he was served a cold tv dinner during Passover and that the dinner had been placed in the same cooler as other non-religious meals).

In *Perez v. Sullivan,* 100 Fed.Appx. 564 (7th Cir. 2004), the Seventh Circuit affirmed the dismissal of a complaint in which the plaintiff alleged that he saw officers serving unsanitary food, he was served spoiled milk which made him violently ill, and food served to him and other inmates contained objects such as rodent feces and a bloody band-aid. *Id.* at 566. The Seventh Circuit agreed that plaintiff failed to allege that the defendants disregarded an excessive risk to the plaintiff's health and that at best, his allegations amounted to negligence. *Id.* There is no reason this case, alleging less severe circumstances, should not be viewed the same way.

Although Mr. Johnson was not satisfied with the offer to give him a different tray of food, it is enough to defeat his Eighth Amendment claim that the defendants reasonably responded to his complaint and "did not disregard or fail to address his specific problem." *Gates v. Huibregtse,* 69 Fed.Appx. 326, 328 (7th Cir. 2003). In *McRoy,* an inmate consumed undercooked bloody chicken and sour milk and became sick afterward. *McRoy v. Aramark Correctional Services, Inc.,* 268 Fed.Appx. 479, 482 (7th Cir. 2008). The Seventh Circuit held that because Aramark officials were not aware of the spoiled food prior to serving it, there was no Eighth Amendment violation. *Id.* Similarly, Mr. Johnson does not allege prior knowledge on

3

the part of the defendants. For these reasons, Mr. Johnson's allegations do not support the element of subjective deliberate indifference on the part of the defendants. Therefore, Mr. Johnson's Eighth Amendment claim must be dismissed for failure to state a claim upon which relief can be granted.

The Court has also considered Mr. Johnson's allegation that he was afraid that prison staff were retaliating against him "because of grievances against them," but he has not alleged that *he* filed any grievance against either defendant before filing this action. To state a First Amendment retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *see Mays v. Springborn*, 719 F.3d 631, 635 (7th Cir. 2013). Here, Mr. Johnson does not allege that he engaged in any protected activity. Accordingly, his claim of retaliation is dismissed for failure to state a claim upon which relief can be granted.

Mr. Johnson's complaint is dismissed for the reasons set forth above. He shall have **through November 10, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

## II. Pending Motions

The defendants' motion for summary judgment on the issue of failure to exhaust administrative remedies, dkt. [14], is **denied without prejudice as moot.**

4

The plaintiff's motion for leave to file a supplemental complaint, dkt. [33], is **denied** because serving *one* cold dinner tray and placing it on one occasion in the same cooler as other sack lunches fails to state a claim under either the Eighth or First Amendment. Again, one isolated incident does not state a constitutional claim.

The plaintiff's renewed motion to appoint counsel to assist him in presenting his response on the issue of exhaustion to a jury, dkt. [35], is **denied as moot.**

The partial stay that was imposed in the Entry of February 24, 2017, is **lifted.** The next step in this litigation shall be Mr. Johnson's response to this order to show cause why the action should not be dismissed for failure to state a claim upon which relief can be granted, as discussed in Part I of this Entry. If Mr. Johnson fails to respond to the order to show cause, the action will be dismissed for the reasons discussed in this Entry, without further notice.

**IT IS SO ORDERED.**

Date: 10/11/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

BYRON JOHNSON
188316
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com